DONOVAN, J., concurring in part and dissenting in part:
{¶ 36} I disagree with the majority's analysis regarding the three-hour limitation set forth in the warrant for Barger's blood. The language "within 3 hours of operation of vehicle" is plain language which restricts the validity of the warrant.
*286 Hence, the warrant to withdraw blood from Barger expired by its very terms at 12:39 a.m. Although the warrant was executed promptly after issuance, law enforcement should not be permitted to extend the three-hour limit set forth in R.C. 4511.19(A)(1)(a) by waiting an hour after Barger's arrest to initiate the process to secure a warrant. The record reflects this occurred here.
{¶ 37} I do not find the federal cases to be persuasive authority to allow admission of the test results, since the warrant was no longer valid, the search was unlawful. A search pursuant to a time sensitive warrant which has expired, is a warrantless search.
{¶ 38} First, Richmond involved a validly-issued search warrant, based on information from a confidential and reliable source, to search the defendant's premises. The warrant was obtained by state law enforcement officers from a Hamilton County Municipal Judge at 9:15 A.M. on Friday, February 19, 1988. The warrant was executed at 1:30 P.M. on Monday, February 22, 1988.
{¶ 39} The defendant challenged the validity of the execution of the warrant, arguing that Ohio Rule of Criminal Procedure 41(C) requires that a search warrant be executed within three days of its issuance. The search warrant in Richmond was executed four hours and fifteen minutes beyond the expiration of the three-day requirement.
{¶ 40} The court, in upholding the validity of the execution of the warrant, noted first that the Federal Rules of Criminal Procedure allow a 10-day statutory limit within which to execute a search warrant. Further, the court found that there was "nothing in the record to indicate that the circumstances, related in the officer's affidavit affording probable cause for the issuance of the search warrant, changed before it was executed." Based on the above, the court held that that the delay in the execution of the search warrant did not render the search unreasonable nor did it constitutionally prejudice the defendant.
{¶ 41} However, in this case, the warrant at issue was one authorizing the testing of Barger's blood-alcohol levels, as opposed to the search of one's premises, as in Richmond . The court in Richmond made no mention of any circumstances that would render the execution of the search warrant particularly time-sensitive. By contrast, the warrant here, which had the restriction of "within three hours of operation of vehicle," clearly considers the time sensitivity of testing the levels of alcohol in one's blood, especially as it relates to impairment and prohibited blood alcohol level while operating a motor vehicle at a past point in time. Finally, the time restriction argued by the defendant in Richmond was one that was set forth by state rules and federal criminal rules and statutes but not delineated in the warrant itself. Contrastingly, the restrictive time limit in this case was one specified on the warrant by the issuing judge, and was stated with apparent consideration of the particular circumstances at hand. Therefore, the circumstances in Richmond are distinguishable from Barger's case.
{¶ 42} Chambers too is distinguishable. Chambers challenged the validity of the execution of two search warrants beyond the time period specified on both warrants.
{¶ 43} On May 4, 2004, Chief Magistrate Judge Roper issued two search warrants in regard to the defendant, Charles D. Chambers. One was for Chambers's residence and the other was for his business, Chuck's Carpets. Agents were given information from a reliable informant that Chambers was maintaining two sets of accounting records for the purpose of tax *287 evasion. One set of invoices, reported to the Internal Revenue Service, was kept at Chuck's Carpets, while another set, not reported, was kept at Chambers's residence. Agents sought to obtain these two sets of records. Both warrants issued by Judge Roper specified that the searches were to be conducted the same day they were issued, "on or before May 4, 2004." However, law enforcement agents executed both on the morning of May 7, 2004.
{¶ 44} In upholding the validity of the execution of the warrants, the court in Chambers first noted that there had been "no showing that the delay was the result of intentional disregard of the warrant terms." However, in noting this factor, the court cites to U.S. v. Sims , 428 F.3d 945, 955 (10th Cir.2005), where the search warrants at issue were for the defendant's office and office computer, and the alleged delay in execution was one day after the date specified on the warrant, but was still within the federal statute's 10-day limit.
{¶ 45} The court in Sims emphasized the importance of the "intentional disregard of the warrant terms" factor based on the fact that "the Fourth Amendment does not require expiration dates," and thus "technical violations" of the Rules only result in exclusion under certain circumstances. The Sims court therefore concluded that exclusion simply based on the mandate of Fed.R.Crim.P. 41(e)(2)(A) requiring execution "within a specified time no longer than 10 days" would only apply in the event of executing officers' intentional disregard for the Rule, coupled with a showing that the probable cause was affected by the delay.
{¶ 46} The court in Chambers utilized the analysis provided in Sims because in both cases there were "technical" violations of the time limit provided in the Rules of Federal Criminal Procedure or the specified terms of the warrant where there was no evidence that the specified expiration terms considered the probable cause to be time sensitive. Therefore, the Chambers and Sims analyses of "technical" violations, which involve the two factors of "intentional disregard" and effect on probable cause, specifically apply to situations where the time violations are based on the expiration of identified time limits that are provided without evidence of any consideration for the specific circumstances at hand. This conclusion is supported by both federal courts' addition of the second factor requiring a showing that the probable cause for the warrant was affected by the passage of time. The addition of this factor clearly indicates the Sims analysis applies to violations of expiration terms where the terms themselves were not specified with any consideration of the particular facts of the case. Thus, these analyses are distinguishable from the issue in this case, where the time restriction of the warrant on its face clearly contemplates the time sensitivity of the probable cause to withdraw Barger's blood.
{¶ 47} Furthermore, the officer who secured the warrant admitted that the issuing Judge advised him of the time limitation as evidenced by this exchange.
Q. Judge Rettich signed the warrant and he told you to get the blood as soon as possible within three hours of the operation of the vehicle. Correct?
A. Correct.
Q. And for reasons unknown, you weren't able to do that. Correct?
A. Correct.
Tr. 72-73.
{¶ 48} Accordingly, I would grant Barger's motion to suppress as it relates to the admissibility of the blood test results.